

**U.S. Department of Justice**

United States Attorney
District of Connecticut

United States District Court
District of Connecticut
FILED AT   NEW HAVEN
_11/16/05_____, 20__
Kevin F. Rowe, Clerk
By_____
Deputy Clerk

*Connecticut Financial Center*
*157 Church Street*
*P.O. Box 1824*
*New Haven, Connecticut 06510*

*(203)821-3700*

*Fax (203) 773-5376*

November 6, 2005

Steven C. Sosensky, Esq.
Shipman, Sosensky, Randich & Marks, LLC
135 South Road
Farmington, Ct.  06032

Re: <u>United States v. Ravizza Brothers, Inc.</u>

Dear Mr. Sosensky:

This letter confirms the plea agreement entered into between your client, Ravizza Brothers, Inc. (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

## THE PLEA AND OFFENSE

Defendant agrees to plead guilty to the Information in this case, which charges it with one count of aiding and abetting the illegal storage of explosive material, in violation of Title 18, United States Code, Sections 2, 842(j) and 844(b). Defendant understands that to be guilty of this offense the following essential elements of the offense must be satisfied:

<u>First</u>: That the principal knowingly stored explosives.

<u>Second</u>: That the principal did so in a manner not in conformity with regulations promulgated by the Secretary of the Treasury.

<u>Third</u>: That the defendant knowingly aided and abetted that person in that it knowingly associated itself in some way with the crime and that it participated in the crime by doing some act to make the crime succeed..

## THE PENALTIES

The defendant faces up to five years of probation. The maximum possible fine for this offense, pursuant to Title 18, United States Code, Section 3571, is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; (3) $200,000; or (4) the amount specified in the section defining

Steven C. Sosensky, Esq.
November 6, 2005
Page 2

the offense.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $125 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§3572 (h), (I) and § 3612(g).

## THE SENTENCING GUIDELINES

i. Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor and appropriate sentence in this case. See United States v. Booker, 2005 WL 50108, 543 U.S. __ (2005). The defendant expressly understands that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Officer who prepares the presentence investigation report. The defendant further understands that it has no right to withdraw its guilty plea if its sentence or the Guideline application is other than it anticipated.

ii  Stipulation

Pursuant to section 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into a stipulation which is attached to and made a part of this plea agreement. The defendant understands that this stipulation does not purport to set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant expressly understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

iii. Guideline Stipulation

The Government and the defendant agree that the 2001 Sentencing Guidelines Manual applies. In addition to any term of probation (see U.S.S.G. §8D1.1), the parties stipulate that the applicable Sentencing Guidelines (effective date Nov. 1, 2001) to be at a fine range of $8,000 to $16,000.

The parties calculate the defendant's base offense level under U.S.S.G. §§ 2K1.1(a), is 6. The parties agree that, with respect to the defendant's culpability score pursuant to U.S.S.G. § 8C2.5, that the base score is five, plus one point under subsection (b)(5) based upon the

defendant having more than ten employees, and minus one point since the defendant clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct. The Government believes that 3 culpability points should be added under subsection (e), since a representative of the company did not provide truthful information when he first spoke to the agents.

Accordingly, the defendant calculates its fine to be a range of $5,000 to $10,000 based upon five culpability points and the Government calculates the fine to be a range of $8,000 to $16,000 based upon seven culpability points.

The Government will recommend the one acceptance point only if the defendant fully, completely, and truthfully discloses to the Probation Office the information requested, the circumstances surrounding its commission of the offense, and its criminal history. This recommendation is further conditioned upon the defendant's submission to the Probation Office, prior to the date of sentencing, of a complete and truthful financial statement setting forth all assets. The defendant expressly understands that the Court is not obligated to accept the Government's recommendation of a one point reduction. Also, the Government will not make this recommendation if the defendant engages in any acts which (1) indicate that it has not terminated or withdrawn from criminal conduct or associations (U.S.S.G. § 3E1.1); (2) could provide a further basis for an adjustment for obstructing or impeding the administration of justice (U.S.S.G. § 3C1.1); or (3) constitute a violation of any condition of release. The defendant expressly understands that it may not withdraw its plea of guilty if, for the reasons explained above, the Government does not make this recommendation.

The defendant expressly understands that the Court is not bound by this agreement on the Guideline and fine ranges specified above. The defendant further expressly understands that he will not be permitted to withdraw the plea of guilty if the Court imposes a sentence outside the Guideline range or fine range set forth in this agreement.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to challenge or defend any sentencing determination, other than that stipulated by the parties, in any post-sentencing proceeding.

    iv.     Waiver of Right to Appeal
                or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances it is entitled to appeal his conviction and sentence as unreasonable. It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or §2241, the conviction or sentence of imprisonment imposed by the Court if that if that sentence is within or below the guideline ranges specified above, even if the Court reaches a sentencing range permitting such a sentence by a Guideline analysis different from that specified above. Similarly, the Government will not appeal a sentence imposed within or above

Steven C. Sosensky, Esq.
November 6, 2005
Page 4

the stipulated sentencing range. The defendant expressly acknowledges that it is knowingly and intelligently waiving its appellate rights.

### V. Information to the Court

The Government and the defendant expressly reserve their right to make all available sentencing arguments to the Court and to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, it is expressly understood that the Government will discuss the facts of this case with the United States Probation Office and will provide the Probation Officer with access to its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

### Waiver of Trial Rights and Consequences of Plea

The defendant understands that it has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent it.

The defendant understands that it has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against it, the right not to be compelled to incriminate itself, and the right to compulsory process for the attendance of witnesses to testify in its defense. The defendant understands that by pleading guilty it waives and gives up those rights and that if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if it pleads guilty, the Court may ask it questions about each offense to which it pleads guilty, and if it answers those questions falsely under oath, on the record, and in the presence of counsel, its answers may later be used against it in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant understands and agrees that should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

## ACKNOWLEDGMENT OF GUILT; VOLUNTARINESS OF PLEA

The defendant acknowledges that it is entering into this agreement and is pleading guilty

freely and voluntarily because it is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges its understanding of the nature of the offense to which it is pleading guilty, including the penalties provided by law.

The defendant further acknowledges that it is entering this agreement after having had a full and fair opportunity to consult with Steven C. Sosensky, Esq. The defendant acknowledges that it has had full and complete opportunity to discuss this agreement with its outside counsel, and the defendant believes that this plea agreement is in its own best interest. The defendant also acknowledges its complete satisfaction with the representation and advice received from its undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant expressly acknowledges that it is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights it may have to seek reasonable attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF AGREEMENT

The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to it with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant understands and acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving it, except as expressly explained above.

## COLLATERAL CONSEQUENCES

The defendant further understands that it will be adjudicated guilty of each offense to which it has pleaded guilty and may be deprived of certain rights. The defendant understands that the Government reserves the right to notify any state or federal agency by whom it is licensed, or with whom it does business, of the fact of its conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of the conduct which forms the basis of the information in this case.

The defendant understands that if, before sentencing, it violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the

Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw its plea of guilty.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

ANTHONY E. KAPLAN
ASSISTANT UNITED STATES ATTORNEY

The defendant, Ravizza Brothers, Inc., by the undersigned who warrant and represent that they are authorized to enter into this agreement on behalf of Ravizza Brother, Inc., certifies that it has read this plea agreement letter or has had it read or translated to it, that it has had enough time to discuss it with its attorney, that its attorney has answered any questions it had about it, that it sets forth the entire agreement and understanding between it and the Government, and that the defendant fully understands and accepts its terms.

_____   11/8/05
RONALD RAVIZZA                    Date
PRESIDENT
For the Defendant, Ravizza Brothers, Inc.

_____   11-8-05
ALVIN RAVIZZA                     Date
VICE PRESIDENT
For the Defendant, Ravizza Brothers, Inc.

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that it understands and accepts its terms.

_____   11/8/05
STEVEN C. SOSENSKY, ESQ.          Date
Attorney for the Defendant

Steven C. Sosensky, Esq.
November 6, 2005
Page 7

## STIPULATION OF OFFENSE CONDUCT

The defendant RAVIZZA BROTHERS, INC., and the Government stipulate and agree to the following offense conduct that gives rise to the defendant's agreement to plead guilty to the information:

1. In 2002 and 2003, an individual (hereinafter referred to as "RV") obtained explosive material, including bulk salutes and display fireworks, from a company ("K, Inc."). The purpose of obtaining the fireworks was to be used for firework displays at the Berlin Fair. To obtain these explosive materials, RV used a Bureau of Alcohol, Tobacco, and Firearms License/Permit he obtained from Ravizza Brothers, Inc. ("Ravizza"). At RV's request, on or about September 5, 2002, representatives of Ravizza faxed to RV their license so that RV could use that license to obtain explosive materials from K, Inc. for a fireworks' display at the Berlin Fair. Representatives at Ravizza also executed and faxed to K, Inc., a Release Form/Authorization for Pickup Forms signed by representatives of Ravizza, on or about September 26, 2002 and September 17, 2003. RV is not and never has been an employee of Ravizza.

2. On or about September 27, 2002, RV picked up explosive material, including bulk salutes and display fireworks, at K, Inc. in Pennsylvania, in his pickup truck and brought them to Ravizza, where they were stored in Ravizza's magazine. Thereafter, with the assistance of an employee of Ravizza, the bulk salutes and display fireworks were transported by a Ravizza truck to the Berlin Fair on or about October 4, 2002.

3. On or about September 29, 2003, representatives of Ravizza again executed and telefaxed to K, Inc., a Release/Authorization for Pickup Form so that RV could purchase explosive material, including bulk salutes and display fireworks, for a show at the Berlin Fair. RV picked up the bulk salutes and display fireworks at K, Inc. in Pennsylvania using his pickup truck, and stored the bulk salutes and display fireworks in a small trailer that RV owned in his driveway at his residence at 204 Carriage Drive, Kensington, Connecticut. Thereafter, on or about October 5, 2003, RV transported the bulk salutes and display fireworks from his residence to the Berlin Fair for the show.

4. The trailer was not in conformity with the regulations promulgated by the Attorney General for the storage of explosive material.

Steven C. Sosensky, Esq.
November 6, 2005
Page 8

The written stipulation above is incorporated into the preceding plea agreement. It is understood, however, that the defendant and the Government reserve their right to present additional relevant offense conduct to the attention of the Court in connection with sentencing.

*[signature]*
RONALD RAVIZZA
PRESIDENT
For the Defendant, Ravizza Brothers, Inc.

*[signature]*
ANTHONY E. KAPLAN
ASSISTANT U.S. ATTORNEY

*[signature]*
ALVIN RAVIZZA
VICE PRESIDENT
For the Defendant, Ravizza Brothers, Inc.

*[signature]*
STEVEN C. SOSENSKY, ESQ.
Attorney for the Defendant